UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLIFTON CLINTON WILLIAMS IV,

                Plaintiff,

-against-

HARDIN COUNTY DETENTION CENTER, et al.,

                Defendants.

1:24-CV-3226 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Clifton Clinton Williams IV, of Brooklyn, New York, brings this *pro se* action seeking injunctive relief, asserting that the defendants have violated his federal constitutional rights, as well as asserting "violations of world court statu[t]e Article 13." (ECF 1, at 2.). He sues: (1) the Hardin County Detention Center ("HCDC"), located in Elizabethtown, Hardin County, Kentucky; (2) Hardin County Jailer J. Lindblom; and (3) HCDC Sergeant E. Lewis. For the following reasons, the Court transfers this action to the United States District Court for the Western District of Kentucky.

## DISCUSSION

    Under the applicable venue provision for Plaintiff's claims, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, § 1391(c)(1), and any other entity "with the capacity to sue and be sued

. . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," § 1391(c)(2).

While Plaintiff does not allege where the other defendants reside, the HCDC appears to reside in Elizabethtown, Hardin County, Kentucky. Thus, because at least one defendant does not reside within this judicial district and, for that matter, within the State of New York, it is clear that this court is not a proper venue for this action under Section 1391(b)(1).[1]

Plaintiff does not allege that any of the events that are bases for his claims occurred within this judicial district. Rather, it appears that he alleges that such events occurred in Hardin County, Kentucky, including in the HCDC, where the individual defendants seem to be employed (*see* ECF 1, at 2-5), all within the Western District of Kentucky. *see* 28 U.S.C. § 97(b). Thus, while it is clear that this court is not a proper venue for this action under Section 1391(b)(2), it is also clear that, under the same provision, that the United States District Court for the Western District of Kentucky is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons discussed above, venue lies in the United States District Court for the Western District of Kentucky. *See* § 1391(b)(2). Accordingly, in the interest of justice, this Court transfers this action to that court. *See* § 1406(a).

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Kentucky. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 10, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge